IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PIERCE | : | CIVIL ACTION |
| | : | NO. 10-3359 |
| and | : | |
| | : | |
| ELIZABETH PIERCE | : | |
| | : | |
| v. | : | |
| | : | |
| THE VANGUARD GROUP, et al. | : | |

O'NEILL, J.                                                                         MARCH 16, 2011

<u>MEMORANDUM</u>

Presently before me are two motions by defendant Young Contractors. Both seek the

dismissal of defendant J.A. Forcine Company's claims against it.

BACKGROUND

On January 28, 2009, plaintiff Joseph Pierce was injured when he slipped and fell in a

parking lot located at 2000 Kubach Road in Philadelphia, Pennsylvania. Pierce and his wife

allege that defendants are liable for their injuries because defendants allowed snow and ice to

accumulate in the parking lot.[1]

The case was originally filed in the Philadelphia County Court of Common Pleas. It was

removed to this Court on July 8, 2010 on the basis of diversity jurisdiction. The original

complaint filed by plaintiff did not name Young as a defendant. Forcine therefore filed a third

party complaint against Young. <u>See</u> Doc. No. 8 (Aug. 9, 2010). Plaintiff subsequently amended

its complaint to name Young as a defendant. <u>See</u> Doc. No. 17 (Sep. 21, 2010). In its answer to

---

[1]      Plaintiff has named eight defendants: (1) The Vanguard Group, Inc.; (2) Vanguard
Data Center; (3) J.A. Forcine Company, Inc.; (4) New York Central Line, LLC; (5) CSX
Corporation; (6) Young Contractors, Inc.; (7) Youngscape, Inc.; and (8) The Linc Group, LLC.

the amended complaint, Forcine properly included its allegations against Young as cross-claims. See Doc. No. 24 (Oct. 4, 2010). Shortly thereafter, however, Forcine also amended its third party complaint against Young. See Doc. No. 47 (Oct. 25, 2010). In its answer to plaintiff's second amended complaint, Forcine again included cross claims against Young. See Doc. No. 54 (Nov. 11, 2010).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v.

UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

Young has filed two motions. The first, filed on October 28, 2010, argues that Forcine's claims for common law indemnification and contribution contained in its third party complaint are duplicative of the cross claims against Young contained in Forcine's answer to the amended complaint. In that motion, Young also argues that Forcine's claims for contractual indemnity and breach of contract must be dismissed for failure to state a claim. Forcine, in response, states that it "has no objection to the dismissal of its third party action, without prejudice, because Young has now been added as a defendant in the main action and Forcine has now asserted its third party claims against Young as cross-claims in the main action." Forcine's Br. at 2 (Doc. No. 55-1). I will thus grant as unopposed Young's motion to dismiss Forcine's third party complaint

against it.

The second motion, filed on November 24, 2010, seeks dismissal of Forcine's cross claims for contractual indemnification and breach of contract.[2]  Young argues that I must dismiss Forcine's breach of contract and contractual indemnification claims because Forcine has not pled facts indicating the existence of a contract between Young and Forcine.  In order to state a claim for breach of contract, Forcine must allege: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages."  Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of PA, 895 A.2d 595, 600 (Pa. Super. Ct. 2006). According to Young, Forcine's cross claim is deficient under Twombly and Iqbal because it does not allege: (1) the parties to the alleged contract; (2) the time and place at which the contract was entered into; (3) what each party promised to perform; and (4) what consideration the parties exchanged.

Forcine alleges in its cross claim that in 2002, Joseph Forcine, on behalf of J.A. Forcine, Inc., and Bob Young, on behalf of Young Contractors, entered into an oral contract in which Young promised to remove the snow and ice from the parking lot at 2000 Kubach Road. Forcine's Ans. ¶¶ 53-55.  Until 2009, the parties renewed their oral contract on an annual basis. Id. at ¶¶ 56-58.  The terms of the contract remained the same each year.  Id. at ¶ 58.  One of the terms of the contract required Young to "defend, indemnify, save and hold harmless Forcine for claims and suits arising out of the performance of Young's work or the work of any of Young's employees, service providers, subsidiaries, assigns or other affiliates."  Id. at ¶ 59.  Young also

_____

[2]        I note that Young does not argue that Forcine's contribution and common law indemnification claims are deficient.

4

agreed to obtain commercial general liability insurance on Forcine's behalf.  Id. at ¶ 60.

Beginning in 2009, the parties transformed their previously-oral contract into a written contract.  Id. at ¶ 61.  The terms of that contract mirrored the terms of the previous oral contracts, requiring, inter alia, that Young provide Forcine with insurance coverage and that Young defend and indemnify Forcine for all accidents arising out of Young's work.  Id. at ¶¶ 62-65.  On January 5, 2009, Young provided to Forcine insurance certificates that indicated it had obtained the insurance coverage required under the contract.  Id. at ¶ 65.

Accepting all of these allegations as true, I find that Forcine's allegations against Young are clearly sufficient to withstand a motion to dismiss.  "When a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond."  See Transport. Intern. Pool, Inc. v. Ross Stores, Inc., No. 06-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009).  If, as Young appears to suggest, there was no enforceable contract between the parties, it may produce evidence in support of its position and file a motion for summary judgment following discovery.  Presently, however, Forcine has pled sufficient facts to state claims for breach of contract and contractual indemnification.  I will therefore deny Young's motion to dismiss.

An appropriate Order follows.